UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALID IHMOUD, )<br>)<br>       Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>       Respondent. ) | No. 4:07CV1943-SNL |

## MEMORANDUM OPINION

Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" is before the Court. The Government has responded in opposition and Movant has replied to the response.

## Background

A jury found Movant and three other defendants guilty of conspiracy to commit arson, and Movant and another defendant guilty of mail fraud, arson, and arson in furtherance of mail fraud. Judgment was entered on the jury verdict and it was sustained on appeal. U.S. v. Ihmoud, 454 F.3d 887 (8th Cir. 2006).

Movant claims ineffective assistance of counsel at trial pursuant to his § 2255 claim for relief for two reasons:

1. Counsel failed properly to advise movant as to a disparate possible penalty he could face going to trial, if found guilty, as opposed to accepting a plea offer by the government;

2. Counsel gave movant inappropriate advice concerning the strength of the government's case.

Movant also requests a hearing on his claims.

## Standard of Review

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. See also Coleman v. U.S., 2005 WL 3021104 (E.D. Mo. 2005). The defendant bears the burden to overcome the strong presumption of reasonableness of counsel's performance. Brown v. U.S., 178 Fed.Appx. 590, 591 (8th Cir. 2006) citing Becht v. U.S., 403 F.3d 541, 545 (8th Cir. 2005).

The standard has been defined by the United States court of Appeals for the Eighth Circuit as follows:

"An ineffective assistance claim generally requires two showings. 'First the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. To show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id. *accord* Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding

2

fundamentally unfair.).”

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004. A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

## Analysis

In his affidavit, attached to the motion, Movant stated that before going to trial his attorney told him the government was offering a plea agreement "where I would have to do five years in prison." Movant stated that his counsel did not inform him that by going to trial, he would face consecutive sentences for various counts of the indictment. He stated that his attorney "told me that I would likely receive the same sentence after a trial." (The Court assumes he is referring to the five-year sentence). Movant states, "I would not have gone to trial if (my attorney) would have advised me that I risked nearly 40 years." Movant also amended his type-written affidavit by inserting in handwriting that his attorney "told me that the government did not have a strong case."

The affidavit of Movant's trial attorney attached to the government's response sets out that he first was licensed to practice law in 1978 and was an Assistant United States Attorney for the Eastern District of Missouri as well as representing defendants charged with crimes since 1979. He stated that upon learning of the government's offer of a plea agreement which would involve a maximum sentence of five years imprisonment, he communicated the offer to Movant and fully discussed the offer and its affect with him. Movant elected to reject the offer.

Trial counsel states further that he was advised that the government intended to seek a superceding indictment in which additional counts would be added which would involve an

3

enhancement of the maximum sentence to which Movant would be subjected if convicted. Counsel states that he had several discussions with Movant concerning the superceding indictment, "and the affect of the sentencing enhancements." Counsel further states "On multiple occasions, Mr. Ihmoud and I discussed the fact that he faced consecutive sentences of 10 and 20 years if convicted on both counts of arson in furtherance of mail fraud, in addition to the terms of imprisonment available upon conviction for the remaining counts of the superceding indictment."

Obviously, the affidavits of Movant and counsel differ and yet, there are some similarities. For example, Movant states that his counsel told him "the government was offering a plea agreement where I would have to do five years in prison." Movant also states that "we discussed the plea offer and the strength of the case."

Movant was sentenced to 97 months imprisonment followed by a statutory mandated consecutive sentence of 120 months and a further consecutive sentence of 240 months, or a total of 457 months imprisonment.

Unfortunately, this problem has turned into what some cases describe as a shouting match between Movant and his trial counsel. Movant states that counsel never informed him that he could receive a sentence in excess of 30 years imprisonment if he lost at trial, and instead counsel told Movant that the government did not have a strong case. Accordingly, Movant went to trial, was found guilty and was sentenced to 457 months imprisonment.

On the other hand, Movant's trial counsel stated that he had several discussions with Movant concerning the superceding indictment and the affect of the sentencing enhancements. He stated that on multiple occasions, he discussed with Movant the fact that he faced consecutive sentences of 10 and 20 years if convicted on both counts of arson in furtherance of mail fraud, in

4

addition to the terms of imprisonment available upon conviction for the remaining counts of the superceding indictment. As stated, defendant bears the burden to overcome the strong presumption of reasonableness of counsel's performance. Brown v. U.S., 178 Fed. Appx. at 591 and Becht v. U.S., 403 F.3d at 545. The Court determines that in this case Movant has not sustained his burden.

The indictment in this case was originally filed August 12, 2004. Movant and four others were named as defendants, and of the 14 counts in the indictment, Movant was charged in counts 1 through 8. The eight counts involved charges of arson and mail fraud.

Movant was arrested and had an initial appearance August 13, 2004 at which time he was accompanied by his retained attorney, L.D.H. Movant entered a plea of not guilty and after hearing, his bond was set in the amount of $50,000 and the bond was posted August 20, 2004.

Earlier on August 17, 2004, L.D.H. filed request for discovery. The case was set for trial November 1, 2004. On August 30, 2004 L.D.H., on behalf of Movant, filed motions to suppress illegally obtained electronic surveillance, motion to sever Movant from the other defendants and motion for Jencks Act material, and early production of exculpatory evidence.

Various other motions were filed on behalf of Movant including motion to dismiss the indictment, motion to suppress physical evidence, motion for bill of particulars, motion to produce and motion to suppress statements.

An evidentiary hearing on the motions was held before the United States Magistrate Judge on September 27, 2004, and the trial date was extended to February 28, 2005..

A superceding redacted indictment was filed February 10, 2005 renumbering some of the counts set out in the initial indictment and adding new counts. Movant was charged in count 1,

conspiracy to damage or destroy by fire certain buildings used in interstate commerce, separate arson charges in counts 2, 4 and 7; separate mail fraud charges in counts 3, 5 and 8; separate charges of arson in furtherance of mail fraud in counts 15 and 17. The two counts of arson in furtherance of mail fraud were filed alleging violations of 18 U.S.C. § 844(h)(1)(F). If found guilty on one of those counts, the penalty would be a ten-year consecutive sentence to any sentence imposed as to the earlier counts named in the superceding indictment. The other count carried a 20-year consecutive sentence to whatever sentences may have been imposed on other counts. Thus, under the terms of the superceding indictment, if Movant was found guilty of counts 1, 2, 3, 4, 5, 7 or 8 and also found guilty of the offense in counts 15 and 17, he would receive a 30-year sentence consecutive to whatever sentence he received as to the other counts. Movant was arraigned on the superceding indictment February 14, 2005 and entered a plea of not guilty.

The United States Magistrate Judge provided that all defendants' motions applicable to the initial indictment would also be applicable to the superceding indictment and a report and recommendation was filed February 23, 2005. In view of the tightness of the schedule, the trial was reset to April 18, 2005.

L.D.H. filed objections to the Magistrate Judge's report and recommendation on March 14, 2005 and on March 23, 2005, this Court overruled the objections and adopted the findings of the Magistrate Judge, one of which denied the request for severance.

On April 13, 2005, the Court sustained the request of L.D.H. for subpoenas, and 12 were issued for Movant's use..

The jury trial began April 18, 2005 and ended May 4, 2005 with Movant and three other

defendants being found guilty of all charges levied and a mistrial was declared as to the fifth defendant.

The undersigned conducted the trial and observed the participation of L.D.H. on behalf of Movant during the course of the trial in which he assisted in the voir dire examination, gave an opening statement, cross-examined the government witnesses, introduced some testimony on direct examination of the case of Movant, opposed some instructions to constitute a part of the charge and participated in the final arguments.

As shown by the record, the superceding indictment was filed February 10, 2005 and Movant entered a plea of not guilty to that indictment and the trial began April 18, 2005. Accordingly, any dialogue between Movant and L.D.H. concerning the government's offer, and the potential sentence, if convicted on the new counts in the superceding indictment, had to occur in that brief period of time - slightly in excess of two months.

The undersigned is aware of the legal background of L.D.H. as a former Assistant United States Attorney and an attorney engaged in private practice, specializing in criminal defense. Said counsel, as stated by his affidavit, has practiced law almost 30 years. L.D.H. has tried cases before the undersigned as a prosecutor and as counsel for defendants. Accordingly, the Court is aware of counsel's legal ability, competency and reputation for truthfulness.

Considering the foregoing, this Court finds it incomprehensible to believe Movant's statement that his trial counsel did not inform him of the potential sentence he could receive if he was found guilty on the various counts alleged in the superceding indictment. It defies imagination to believe that even a first-year practitioner would not suggest to his client the difference between a five-year plea agreement and a potential for almost 40 years' imprisonment if

7

found guilty after trial. It is difficult to imagine that even one not schooled in the law would fail to discuss this potential with a person charged with the offenses involved.

The Court feels that it was necessary to recite the efforts that L.D.H. performed on behalf of Movant from the day the case was first filed until the jury verdict in order to show counsel's diligence. It lends credence to counsel's affidavit that he did, in fact, set out the potential consequences to Movant. Movant does not dispute that he was offered a plea agreement of five-years imprisonment and that he had discussion with counsel about the "strength of the case." As previously set out, the affidavit of Movant has been typed. At one point in the affidavit, there is an insertion "(Counsel) told me that the government did not have a strong case." Next to that is the initial W.D.I. The Court is uncertain as to whether Movant inserted that statement by interlineation or his current counsel did at Movant's direction. It appears to be an afterthought, but in any event it would lend some strength to the statement of counsel that he did advise Movant of the disparity between a five-year plea agreement and a potential 40-year sentence if found guilty after trial. Why else would the strength of the government's case be discussed?

Even assuming that L.D.H. suggested to Movant that the government did not have a strong case, a person charged would certainly need to give great consideration to the difference between a five-year and a 40-year sentence. In addition, it appears strange that Movant did not inquire of his counsel about the reason why the government filed a superceding indictment. One would assume that an inquiry would have been made of counsel as to the nature of the new charges and what the potential punishment would be for those charges. Of course, it is not the duty of the client to ask questions of his counsel, but when one is faced with a criminal charge and then the charge is amended with new counts, it would appear that a defendant would be

8

concerned about the affect of the new counts and the potential punishment if found guilty. Nonetheless, it appeared that Movant was willing to take his chances as he entered his plea of not guilty to the superceding indictment charges and proceeded to trial.

Both parties have cited in their briefs the case of <u>Sanders v. U.S.</u>, 341 F.3d 720 (8th Cir. 2003), a case tried before the undersigned. Movant cites the case to show that he was prejudiced because of his trial counsel's failure to communicate properly with him and that he would have accepted the plea agreement if his counsel had properly advised him.

The government cites the case with the proposition that when a defendant maintains his innocence throughout the case, that undermines a § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer.

Before trial, Sanders' counsel did misadvise him about his sentencing exposure in that he incorrectly told him various ranges of punishment under the Advisory Sentencing Guidelines; nonetheless it was not disputed that had he pled guilty, Sanders would have limited his exposure to about one-third of the sentence he would face if found guilty at trial. The Court in <u>Sanders</u> held that "We conclude that Sanders' assertion that he would have accepted the government's plea offer but for trial counsel's erroneous advice is either 'contradicted by the record' or 'inherently incredible' in light of the record. <u>See</u> <u>Engelen</u>, 68 F.3d at 240." <u>Sanders</u> at 723.

The Court noted that Sanders insisted on going to trial and maintained his innocence. Movant avers that the facts in <u>Sanders</u> are different than the facts here. Here, Movant states that had he been aware of the sentencing disparity, he would have entered a plea of guilty.

Again, this Court finds it difficult to accept the veracity of that statement considering all of the facts in this case and the diligence of trial counsel.

There are other factors in the case which make Movant's affidavit less credible. One of the other defendants in the case was charged with and found guilty of the counts requiring 30 years consecutive sentencing. He received the consecutive sentences as did Movant. Such defendant referred to was represented by capable counsel, who is a specialist in criminal defense and has tried many cases before the undersigned. That defendant and movant elected to proceed to trial. While the Court cannot speculate as to any conversation that may have occurred between Movant and his three co-defendants and their counsel, it would appear incredulous to believe that counsel for the other three defendants did not advise their clients of the potential penalty in this case, and in particular the one subject to consecutive sentences. In pretrial conferences, off-the-record, the Court discussed with all counsel the procedures for the trial of the case such as the conducting of the voir dire, which defendants would go first during cross-examination of the government witnesses and the possibility that counsel for one of the defendants, not Movant, would take the lead. It was obvious to the Court, therefore, that at that time and during the course of the trial, counsel for all defendants conferred regularly as to scheduling and trial strategy. Accordingly, the Court here, as it did in <u>Sanders</u> concludes that Movant has failed to meet his burden to offer some credible, non-conclusory evidence that Movant would have pled guilty had he been properly advised.

The Court does not take issue with two cases cited by Movant, but finds that they are distinguishable. In <u>Toro v. Fairman</u>, 940 F.2d 1065 (7th Cir. 1991) the prosecutor offered Toro the minimum six-year sentence. The offer was rejected on the advice of counsel and a jury found Toro guilty of the crimes charged. He was sentenced to 20 years imprisonment. Toro went to trial because his attorney advised him not to accept the plea because he "did not think that (Toro)

10

should be in jail." Toro, at 1066.

At sentencing, counsel admitted that the decision to proceed to trial was not so much a rational, professional judgment, but an emotional one. Counsel suggested that his advice could have been a possible mistake. Toro cites Beckham v. Wainwright, 639 F.2d 262, 267 (5th Cir. 1981) which held that incompetent advice to withdraw a negotiated guilty plea and instead stand trial violates a defendant's right to effective assistance of counsel. Nonetheless, in Toro the Court determined that he did not carry his burden of establishing prejudice. This conclusion is even more commanding when the Court discussed errors of counsel during trial as well.

In the existing case, there is no suggestion that Movant's counsel insisted that he go to trial nor was there any evidence or complaint of lack of due diligence by counsel during trial. In fact, the decision in Toro is more supportive of Movant's counsel than in opposition to it.

In Iaea v. Sunn, 800 F.2d 861 (9th Cir. 1986) Iaea claimed that his counsel was deficient in advising him improperly as to the ultimate outcome of a plea or a trial. The Court found that counsel had grossly mischaracterized the likely outcome presented in this matter and that mischaracterization combined with erroneous advice on the possible effects of going to trial fell below the level of competence required of defense attorneys. Nonetheless, the Court was concerned about prejudice and remanded the case for an evidentiary hearing to determine whether there was a reasonable probability Iaea would not have pled guilty absent counsel's erroneous advice.

The facts in Iaea are substantially different from those in the present case. Again, the claim here is that counsel did not communicate with Movant about disparity in sentencing and there is no claim that counsel gave Movant erroneous advice. Accordingly, the Court finds that

11

this case is of little value to Movant.

## Summary

The Court finds that the statement of Movant's counsel is more believable. Again, it stretches the imagination to believe that even a deficient counsel would fail to advise his client of the difference between a five-year plea bargain and the possibility of a 40-year sentence if found guilty after trial. Movant's counsel has been practicing law for 30 years as a prosecutor and as a defender. His reputation for truthfulness before this Court is unblemished. His representation of Movant pre-trial and during trial was competent. One of Movant's three co-defendants faced with the same potential as Movant elected to go to trial as did Movant. It does not appear to be speculative to find that the three co-defendants and their attorneys were well aware of the consequences of going to trial.

It is certainly easy for anyone who has elected to go to trial rather than accept a plea bargain to urge that his counsel did not give him the necessary information required to make a judgment as to whether to go to trial or accept the plea bargain.

The Court finds that Movant has failed to meet his burden to present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised. Movant has not sustained his burden to overcome the strong presumption of reasonableness of his counsel's performance. Accordingly, the Court denies Movant's request for relief.

Dated this 31st day of March, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE